769 So.2d 1273 (2000)
Linda Carol Rayburn McCRAY
v.
J/H/J, INC., d/b/a Piggly Wiggly, Ginger McCray and Allstate Insurance Company.
No. 99 CA 2283.
Court of Appeal of Louisiana, First Circuit.
November 3, 2000.
*1274 Otha Curtis Nelson, Sr., Baton Rouge, for Plaintiff/Appellant Linda Carol Rayburn McCray.
John W. Perry, Baton Rouge, for Defendant/Appellee Ginger McCray.
Before: WHIPPLE and FOGG, JJ., and BAGNERIS, J. Pro Tem.[1]
WHIPPLE, J.
In this slip and fall case, plaintiff, Linda Carol Rayburn McCray, appeals an adverse jury verdict finding no negligence on behalf of defendant, Ginger McCray. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 2, 1995, defendant and her four-year-old son were shopping at a Piggly Wiggly Food Store in Baker, Louisiana. Prior to entering the store, defendant purchased a 7-Up soft drink from a soft drink machine located at the entrance of the store. Upon entering the store, she placed her son in the child's seat of a shopping cart, where he sat holding the 7-Up can with both hands, while she pushed the cart.
While shopping in an aisle, the can slipped out of her son's hands and turned upside down in the cart, spilling the clear liquid from the can onto the floor. Defendant called out loudly five or six times for a manager to assist her, as she had nothing in her possession that she could use to clean up the spilled liquid, nor did she see anyone else in the aisle who could render assistance. After receiving no response to her calls for assistance, she proceeded to push the cart to the end of the aisle where a male customer approached her. She asked him to locate a manager to clean up the spill and warned him not to walk in the area of the spill. While seeking assistance at the end of the aisle, defendant saw plaintiff, Linda McCray, stride by, attempting to catch up with her young daughter who was running in the direction of the spill towards a shelf of cookies. Defendant called out to plaintiff, warning her of the spill. However, as plaintiff grabbed her daughter to stop her from taking a box of cookies off of the shelf, plaintiff slipped in the liquid on the floor and fell, landing on her buttocks and tail bone.
On May 12, 1996, plaintiff filed a petition for damages, naming as defendants J/H/J, Inc., D/B/A Piggly Wiggly and Ginger McCray. Pursuant to a motion to dismiss filed on November 14, 1996, plaintiff dismissed all claims against J/H/J, Inc., D/B/A Piggly Wiggly. Trial of the matter against defendant, Ginger McCray, was held before a jury on April 26 and 27, 1999. At the conclusion of the trial, the jury rendered a verdict, finding no negligence on the part of Ginger McCray. A judgment in conformity with the jury's verdict was signed on May 5, 1999, dismissing plaintiff's claims against defendants. Plaintiff filed a motion for new trial or alternatively for judgment notwithstanding the jury's verdict. By judgment dated July 22, 1999, both motions were denied.
*1275 Plaintiff appeals, framing her assignments of error as follows:
1.) The civil jury committed manifest and reversible error on the 27th day of April, 1999 when they rendered a verdict finding that the Appellee, GINGER McCRAY was not negligent when she purchased a 7-Up drink from a vending machine on the outside of a Piggly Wiggly Store and gave the 7-Up drink to her four (4) year old son, AARON McCRAY, who was in a store buggy and spilled the 7-Up on the floor that the appellant, LINDA CAROL RAYBURN McCRAY slipped and fell in.
2.) The trial judge committed manifest and reversible error in not granting the appellant, LINDA CAROL RABURN McCRAY on the 12th day of July, 1999 when he failed to grant her a Judgment Notwithstanding the Jury's Verdict and in the alternative, her Motion for New Trial.

DISCUSSION
The standard of appellate review of factual findings is a two-part test: 1) the appellate court must find from the record there is a reasonable factual basis for the finding of the trial court, and 2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Sistler, 558 So.2d at 1112; Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).

ASSIGNMENT OF ERROR NO. 1
On appeal, plaintiff contends the jury was manifestly erroneous in failing to find that defendant was liable under theories of negligence, or, alternatively, strict liability pursuant to LSA-C.C. art. 2317, which provides a theory of recovery for those damages occasioned by the act of persons "or of the things which we have in our custody." At the outset, we note that the record clearly demonstrates that the defendant did not own, had no control over, nor was she the custodian of the premises upon which plaintiff slipped. Thus, we find no basis upon which she could be held liable under a theory of strict liability. Moreover, on review, we find no error in the jury's determination that defendant was not liable under any negligence theory pursuant to LSA-C.C. art. 2315.
In essence, plaintiff contends that the jury erred in failing to find that defendant was negligent in purchasing a 7-Up soft drink and giving it to her four-year-old. son, who was seated in a grocery store cart at the time. We disagree.
Defendant testified that there were no visible signs or notices prohibiting drinks in the grocery store. She further testified that prior to the date of the accident, she had, on several occasions, taken her son into the store with her, seated him in a basket, and allowed him to hold a can of soda. On none of those occasions had he ever spilled a drink. She testified that she felt that he was old enough and responsible enough to safely hold a can with two hands.
She further testified that after her son spilled the drink, she made several attempts to call out for a manager to inform him of the spill. It was only after having received no response that defendant left the site of the spill and went to search for a manager, warning everyone that she came into contact with of the spill, and even asking another store patron to help her seek out a manager.
*1276 We find that the record supports the factual findings of the jury and its determination that this defendant was not negligent. She was apparently within her rights in bringing the drink into the store, as there were no signs posted prohibiting a customer from bringing soft drinks into the store. Indeed, the soft drink machines were located at the entrance to the store. Furthermore, defendant testified that she had allowed her son to hold drinks in the grocery cart on several previous occasions and he had never spilled the drinks on any of those occasions. She testified that based on his past conduct and ability, she felt that he was old enough and sufficiently able to safely hold a soft drink can.
After the spill, defendant acted swiftly and reasonably in her efforts to obtain assistance in cleaning up the spill. She made several attempts to locate a store employee or manager to notify them of the spill and called out to warn others in the area, including plaintiff, as they approached the spill. Overall, considering the circumstances presented herein, we find no basis upon which liability should be imposed. Although plaintiff disputed whether she actually received a warning from defendant, the jury obviously accepted defendant's testimony as true. On review, in accordance with the applicable precepts of law, we find the record amply supports the jury's factual findings. Thus, in the absence of manifest error, we decline to disturb the jury's factual findings.
This assignment lacks error.

ASSIGNMENT OF ERROR NO. 2

JUDGMENT NOTWITHSTANDING THE VERDICT
Plaintiff avers that the trial court erred in denying plaintiff's motion for a judgment notwithstanding the verdict. In Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991), the Louisiana Supreme Court reiterated the criteria first set forth in Scott v. Hospital Service District No. 1, 496 So.2d 270 (La. 1986), to be used in determining whether a JNOV has been properly granted pursuant to LSA-C.C.P. art. 1811:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated. (Citation omitted.)
Smith v. Davill Petroleum Co., Inc., 97-1596, p. 4 (La.App. 1st Cir.12/09/98), 744 So.2d 23, 26-27.
Considering all of the evidence, we cannot say the trial court was manifestly erroneous in refusing to grant plaintiff's motion *1277 for JNOV. Clearly, the jury's verdict is one which reasonable people could have rendered, given the testimony and evidence presented at trial. As such, a JNOV was improper. See Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545, p. 43 (La.App. 1st Cir.3/11/94), 634 So.2d 466, 492; writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094. Accordingly, the trial court correctly denied plaintiffs motion for judgment notwithstanding the verdict.

MOTION FOR NEW TRIAL
Plaintiff also contends that the trial court erred in denying her motion for new trial. As set forth in LSA-C.C.P. art. 1972:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
In addition to the above, a discretionary ground for a new trial is set forth in LSA-C.C.P. art. 1973, which authorizes a trial court to grant a new trial in any case if there is good grounds therefor. Belle Pass Terminal, Inc., 92-1544, 92-1545 at p. 43, 634 So.2d at 492.
Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Bush v. Cannata's Supermarket, Inc., 612 So.2d 794, 797 (La. App. 1st Cir.1992). However, on appeal, the denial of a motion for new trial should not be reversed unless there has been an abuse of the trial court's discretion. Belle Pass Terminal, Inc., 92-1544, 92-1545 at p. 44, 634 So.2d at 493.
In the instant case, plaintiffs motion for new trial on the grounds that the judgment was contrary to the law and the evidence was based solely on the fact that defendant admitted that her son spilled the liquid on the floor and that the plaintiff fell in it, allegedly receiving injuries as a result of the fall.
After reviewing the record in its entirety, we conclude that the trial court did not abuse its discretion in denying plaintiffs motion for new trial under LSA-C.C.P. art. 1972.
Even considering the fact that the defendant acknowledged that the spill was occasioned by her son dropping the can of soda, we find no error in the jury's conclusion that defendant's conduct did not fall below the standard of care reasonably expected under the circumstances. Thus, the judgment is not clearly contrary to the law and the evidence, especially in light of the efforts made by defendant to immediately remedy the situation and warn of the spill before plaintiff fell. Moreover, we find nothing in the facts presented to indicate that the judgment rendered in accordance with the jury's findings and verdict would result in a miscarriage of justice herein. Perkins v. K-Mart Corp., 942065, pp. 8-9 (La.App. 1st Cir.6/23/95), 657 So.2d 725, 731-732. Accordingly, the trial court properly denied plaintiffs motion for new trial.
This assignment also lacks merit.

CONCLUSION
For the above and foregoing reasons, the May 5, 1999 judgment is affirmed. All costs of this appeal are assessed to plaintiff, Linda Carol Rayburn McCray.
AFFIRMED.
NOTES
[1] Judge Michael G. Bagneris of the Civil District Court for Orleans Parish is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.