966 So.2d 820 (2007)
Arthur Ray BICKHAM and Judy Bickham, Plaintiffs-Appellants
v.
RIVERWOOD INTERNATIONAL CORP., Defendants-Appellees
Martin Transport, Inc. and American International Group, Defendants-Intervenors.
No. 42,122-CA.
Court of Appeal of Louisiana, Second Circuit.
October 8, 2007.
Gerald W. Burnett, Shreveport, for Appellants.
Thomas M. Hayes, III, Monroe, Forrest L. Moegle, Ruston, for Appellees, Riverwood International Corporation.
Heather W. Blackburn, for Appellees, Martin Transport, Inc. and American International Group.
Before WILLIAMS, GASKINS and DREW, JJ.
WILLIAMS, Judge.
The plaintiffs, Arthur Ray Bickham and Judy Bickham, appeal three judgments *822 in favor of the defendant, Riverwood International Corporation ("Riverwood"), dismissing plaintiffs' claims, denying their motion for new trial or judgment notwithstanding the verdict, and assessing costs. For the following reasons, we affirm.

FACTS
On Friday, July 27, 2001, Arthur Bickham ("Bickham"), a tanker truck driver employed by Martin Transport, Inc. ("Martin"), made a delivery of sulfuric acid to Riverwood's paper mill located in West Monroe, Louisiana. Before unloading the acid, Bickham was required to enter the mill facility and walk up a spiral staircase to obtain a valve key. After completing the delivery, Bickham returned the key to the control room. While descending the spiral stairs, Bickham slipped and fell, landing on his tailbone. He felt pain in his lower back, left hip and left leg. Bickham did not report the accident to anyone at Riverwood and continued working with back pain. After finishing work, Bickham mentioned the accident to his supervisor, but did not seek medical treatment at the time.
The following Tuesday, July 31, 2001, as Bickham drove from the Martin terminal, the empty tank trailer became unfastened from the truck. Bickham jumped from his truck and turned a crank on the trailer in an effort to reconnect it to the truck. After this incident, Bickham felt pain in his lower back that was worse than his previous pain. He sought medical treatment and received workers' compensation payments from his employer.
Subsequently, the plaintiffs, Arthur and Judy Bickham, filed a petition for damages against the defendant, Riverwood (which later changed its name to Graphic Packaging Int'l, Inc.), alleging that the spiral staircase was defective. Martin and its insurer, American International Group, intervened in the lawsuit to recover workers' compensation benefits paid to Bickham.
In response to plaintiffs' interrogatory concerning installation of the spiral staircase, the defendant stated that the stair was "probably" installed in 1986. Based on this information, the plaintiffs' engineering expert, Philip Beard, opined in his deposition that the spiral staircase was defective because the tread width deviated from the 1981 safety code requirements applicable to the staircase in question. Later, in August 2005, defendant amended its discovery response to state that the staircase was actually installed in 1977, based on a conversation with a retired employee, Savelle Norris, who had been manager of an expansion project at the mill in 1977 to 1978. However, defendant did not specifically state that in 1986 the lower portion of the spiral staircase was removed and replaced with a landing and straight stair.
In January 2006, approximately one week before trial, defendant's attorney provided plaintiffs with three documents found by Norris indicating that the spiral stair was installed in 1977, along with drawings dated 1986 referencing a set of straight stairs. At that time, defendant's attorney suggested a continuance to give plaintiffs time to review this additional information. Plaintiffs decided not to change the trial date.
At trial, Beard testified that he did not have enough information to determine that the spiral staircase installed in 1977 should have been brought up to the safety code applicable in 1986. The defendant's witness, Norris, testified that he was an engineer involved with a project at the mill when the staircase was installed in 1977 and also when the stairs were modified in 1986. Following this testimony and a conference *823 in the judge's chambers, the parties agreed to a stipulation:
When Philip Beard testified that he was not aware of any material modifications to the stair that would have subjected the stair in question to the applicable Life Safety Code in 1985, 1986, he, Philip Beard, did not have knowledge regarding the removal of the lower portion of the stairs and the replacement with a straight stair in 1985 and 1986.
After a jury verdict in favor of defendant, the trial court rendered judgment dismissing the claims of plaintiffs and the intervenors.
The plaintiffs filed a motion for new trial or in the alternative, for judgment notwithstanding the verdict (JNOV), on the grounds that defendant had concealed material information regarding the staircase and that the court erred in excluding rebuttal evidence. The court denied the motions for new trial and JNOV. Subsequently, the trial court issued a ruling assessing 85% of the court costs and witness fees to plaintiffs and 15% to the intervenors. The plaintiffs appeal the separate judgments dismissing their claims against defendant, denying their motion for new trial or JNOV, and assessing costs.

DISCUSSION
The plaintiffs contend the trial court erred in denying their motion for new trial. Plaintiffs argue that defendant's concealment of evidence that the spiral stair was modified in 1986 by replacing the bottom of the stair with a straight stair, prevented plaintiffs from making the liability argument that the stair should have been brought into compliance with the safety code in effect at the time of the modification.
A new trial may be granted in any case if there is good ground therefor. LSA-C.C.P. art.1973. On appeal, the denial of a motion for new trial should not be reversed unless there has been an abuse of the trial court's discretion. McCray v. J/H/J, Inc., 99-2283 (La.App. 1st Cir.11/3/00), 769 So.2d 1273.
In the present case, the record shows that on August 25, 2005, the defendant informed plaintiffs through an amended interrogatory response that the spiral staircase at issue had been installed by 1978. In the same response, defendant identified retired employees Savelle Norris and Troy Bailey as the sources of this information.
In their appellate brief, the plaintiffs assert that they first learned of the 1986 modification of the spiral stair when Norris testified at trial. However, any surprise experienced at trial was partly the result of the decision of plaintiffs' counsel not to depose Norris regarding his knowledge about the history of the spiral staircase. In addition, one week before trial, defendant provided plaintiffs with a drawing dated September 1986 that depicted a set of straight stairs to be constructed at the bottom of the spiral staircase. Thus, contrary to their assertion, plaintiffs possessed information suggesting a 1986 modification of the spiral staircase prior to the trial testimony of Norris. Although the document was not timely produced, the defendant expressed a willingness to continue the trial date to give plaintiffs more time to review the information. Plaintiffs' counsel decided not to seek a continuance.
The record shows that contrary to plaintiffs' contentions, the defendant's conduct did not prevent plaintiffs from making the argument that defendant's modification of the spiral staircase required compliance with the safety code applicable in 1986. The plaintiffs presented testimony by their expert, Beard, who stated that if the spiral stair that was installed in 1977 had been *824 remodeled or modified in 1986, then the applicable safety code would be the one in effect "when the remodeling work was done." In addition, the plaintiffs demonstrated through the testimony of Norris that the spiral stair was modified in 1986, when the lower portion of the staircase was removed and replaced with the concrete landing and straight stair. Thus, plaintiffs' attorney presented evidence through Beard and argued to the jury that the modification of the spiral staircase required defendant to upgrade the stairway to comply with the 1981 safety code requirements for tread width, and that the failure to do so made the staircase unreasonably dangerous.
Furthermore, plaintiffs have not shown that earlier knowledge of the 1986 modification of the spiral stair would have changed Beard's testimony. During trial, Beard testified on cross-examination that he did not have enough information to determine whether the spiral stair installed in 1977 should have been brought into compliance with the subsequent Life Safety Code requirements. After the testimony of Norris, the parties stipulated that when Beard testified he "did not have knowledge regarding the removal of the lower portion of the stairs and the replacement with a straight stair in 1985 and 1986." Plaintiffs assert that defendant's failure to disclose the information about the straight stair before trial meant that the jury was deprived of a proper analysis by an expert who was aware of the actual history of the spiral staircase. However, at the hearing on the motion for new trial, the plaintiffs failed to demonstrate the particular manner in which Beard's analysis would have been different or more accurate with the benefit of such information.
Based upon this record, we conclude that the plaintiffs failed to establish good grounds for a new trial. Consequently, we cannot say the trial court abused its discretion in denying the motion for new trial. The assignment of error lacks merit.
Exclusion of Evidence
The plaintiffs contend the trial court erred in excluding the testimony of their proposed rebuttal witness. Plaintiffs argue that the trial court erroneously excluded the testimony without any legal authority.
Evidence in rebuttal must be confined to new matters raised by the defense. White v. McCoy, 552 So.2d 649 (La.App. 2d Cir.1989). The trial court has great discretion in controlling the conduct of the trial and the presentation of evidence, including the power to admit or refuse to admit rebuttal evidence. Robinson v. Healthworks Int'l, L.L.C., 36,802 (La.App.2d Cir.1/29/03), 837 So.2d 714; White, supra. Rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. Robinson, supra. The court shall determine preliminary questions concerning the competency or qualification of a person to be a witness or the admissibility of evidence. LSA-C.E. art. 104.
In the present case, plaintiffs sought to call Jim King, another truck driver, as a rebuttal witness in response to the testimony of several of defendant's employees that they had never experienced a problem with the stairs and had not heard of anyone falling on the stairs. Defendant objected on the grounds that King was not a proper rebuttal witness. The trial court heard King's testimony outside the presence of the jury pursuant to Article 104 to assess whether the testimony was proper rebuttal evidence.
King testified that after he delivered acid to Riverwood, he was walking down *825 the spiral staircase and his foot slipped on a wet step, but he did not fall down. King stated that he did not report his slip to anyone at Riverwood or to his supervisor at Martin. King did not state that any of defendant's witnesses had seen him slip on the stairs, nor did he have knowledge that any of them had fallen on the spiral staircase or had heard about his accident.
Thus, King's testimony did not contradict, explain or disprove the statements of the defendant's employees, who testified that they had used the spiral staircase numerous times for many years without any difficulty and were not aware of any accidents on that staircase. Consequently, we cannot say the trial court abused its discretion in excluding the witness testimony as improper rebuttal evidence. The assignment of error lacks merit.
We note that the plaintiffs' remaining assignment of error seeks to preserve the issue of costs in the event this court reversed the trial court's judgment and remanded this matter for new trial. Having affirmed the judgment, we pretermit discussion of this assignment.

CONCLUSION
For the foregoing reasons, the trial court's judgments dismissing the plaintiffs' claims, denying their motion for new trial or judgment notwithstanding the verdict, and assessing costs are affirmed. Based upon the record, we conclude it is equitable to assess the costs of this appeal to the appellee, Riverwood International Corporation (now Graphic Packaging International, Inc.). LSA-C.C.P. art. 2164.
AFFIRMED.