PATRICIA BERRY, INDIVIDUALLY AND AS NATURAL TUTRIX FOR SHAVANNA C. MCCOY, THADDEUS A. BERRY, SR., AS NATURAL TUTOR FOR THADDEUS A. BERRY, JR.
v.
CAROLYN ROBINSON AND AMERICAN CENTURY CASUALTY COMPANY
No. 2009 CA 0787.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
H. EDWARD SHERMAN, JAMES E. CAZALOT, Jr., Counsel for Plaintiff/Appellant Patricia Berry, individually and as natural tutrix for Shavanna C. McCoy and Thaddeus A. Berry, Jr.
SCOTT A. CANNON, Counsel for Defendants/Appellees Carolyn Robinson and American Century Casualty Company.
Before: DOWNING, GAIDRY, AND McCLENDON, JJ.
GAIDRY, J.
In this suit stemming from an automobile accident, the plaintiff appeals the denial of her motion for new trial and judgment notwithstanding the verdict ("JNOV"). We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Patricia Berry, and defendant, Carolyn Robinson, were involved in an automobile accident on May 21, 2006, which resulted in a lawsuit by Berry and her minor children against Robinson and her insurer. The accident report erroneously stated that the accident occurred on May 12, 2006; however, the date as reflected in the accident report did not become an issue until after trial when it was raised in Berry's motion for new trial or JNOV.
The accident occurred late in the evening at an intersection controlled by a traffic light. Berry alleged that Robinson, who was distracted by a conversation she was having on her cell phone, ran a red light, causing Berry's vehicle to strike her vehicle in the intersection. Berry testified that Robinson told her that she had become distracted while driving immediately before the accident by news of a murder in a local church. Berry did not tell the police officer who investigated the accident about Robinson being on the phone at the time of the accident, even when he asked if there had been any distractions. An eyewitness to the accident testified that he saw Robinson talking on her cell phone right before the collision occurred; although it was dark outside, he testified that he could see the glow of the cell phone in her hand. Robinson denied being on her cell phone or running the red light, and instead alleged that Berry ran the red light. Robinson's cell phone records, introduced at trial, showed no cell phone calls whatsoever on May 12, 2006. After considering all the evidence, the court dismissed Berry's claims. In oral reasons for judgment, the court noted that it was making a credibility call because there was direct conflicting testimony as to who was at fault in causing the accident. The court noted that there was conflicting testimony as to whether or not Robinson was on the phone at the time of the accident. The court also pointed to an inconsistency in Berry's testimony regarding the circumstances of the accident, such as how closely she was following another vehicle at the time she entered the intersection. The court ultimately found that the evidence presented by Berry was lacking and that she had failed to carry her burden of proving by a preponderance of the evidence that she was injured through Robinson's fault.
After the conclusion of the trial, Berry realized that the date on the police report was wrong and that the accident had actually occurred on May 21, not May 12. Berry filed a motion for new trial and JNOV based on the fact that Robinson's cell phone records showed that calls were made to and from her cell phone on May 21. Robinson opposed the motion, arguing that she was not talking on her cell phone at the time of the accident and that the only calls shown on the cell phone records on May 21 were either several hours before the accident, or were made to the police and her home after the accident occurred. The trial court denied Berry's motion, and this appeal followed.

DISCUSSION
Louisiana Code of Civil Procedure article 1972 provides the following peremptory grounds for a new trial:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
None of these mandatory grounds for new trial are applicable in this case, as the actual date of the accident was surely discoverable to the plaintiff in the exercise of due diligence. However, in addition to the mandatory grounds provided by article 1972, a discretionary ground for a new trial is set forth in La. C.C.P. art. 1973, which authorizes the trial court to grant a new trial in any case if there exists good grounds therefor.
A new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. However, on appeal, the denial of a motion for new trial should not be reversed unless there has been an abuse of the trial court's discretion. McCray v. J/H/J, Inc., 1999-2283, p. 7 (La.App. 1 Cir. 11/3/00), 769 So.2d 1273, 1277.
We initially note that there is no transcript of the hearing on the motion for new trial, nor did the trial court provide us with any reasons why the motion for new trial was denied. It would certainly be easier to determine if there had been an abuse of discretion if we were provided with the trial court's reasons for judgment. With that said, however, resolution of this matter still involved a credibility call by the trial court. Even in light of the new information available to the court on the motion for new trial, there were still two versions of what took place before the court, and the court found that Berry failed to carry her burden of proof that Robinson was at fault in causing the accident. The trial court's reasons for crediting the testimony of Robinson over Berry at the trial of this matter were not limited to the issue of the cell phone; the court also noted inconsistencies in Berry's testimony regarding how closely she was following another vehicle through the intersection. Under these circumstances, we find no abuse of discretion in the trial court's denial of Berry's motion for new trial.
Berry also argues that the trial court erred in denying her motion for JNOV. A JNOV is justified when reasonable persons could not reach a different conclusion, not merely when there is a preponderance of evidence for the mover. Smith v. State, DOTD, 04-1317, 04-1594, p. 12 (La. 3/11/05), 899 So.2d 516, 524-25.
In McCray v. J/H/J, Inc., 1999-2283 at p. 6, 769 So.2d at 1276 (La.App. 1 Cir. 11/3/00), 769 So.2d 1273, this court discussed our standard of review on a JNOV:
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.
Considering all of the evidence before the court, we cannot say the trial court was manifestly erroneous in refusing to grant Berry's motion for JNOV. Clearly, the trial court's verdict is one which a reasonable person could have rendered, given the testimony and evidence before the court. As such, a JNOV was improper. Accordingly, the trial court correctly denied plaintiffs motion for judgment notwithstanding the verdict.

DECREE
The judgment denying Berry's motion for new trial or JNOV is affirmed. Costs of this appeal are to be borne by plaintiff, Patricia Berry.
AFFIRMED.